758 S.E.2d 716

ALLEGRO, INC., Respondent–Petitioner,

v.

Emmett J. SCULLY, Synergetic, Inc., George C. Corbin, and Yvonne Yarborough, Petitioners–Respondents.

Appellate Case No. 2012–213386.

No. 27391.

Supreme Court of South Carolina.

Submitted May 20, 2014.

Decided May 28, 2014.

Robert L. Widener and Richard J. Morgan, both of McNair Law Firm, of Columbia, for Respondent–Petitioner.

Amy L. Gaffney, of Gaffney Lewis & Edwards, LLC, C. Mitchell Brown, William C. Wood, and Brian P. Crotty, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Petitioners–Respondents.

PER CURIAM.

Petitioner-respondent (Defendants) and respondent-petitioner (Allegro) each seek a writ of certiorari to review the Court of Appeals' decision in *Allegro, Inc. v. Scully,* 400 S.C. 33, 733 S.E.2d 114 (Ct.App.2012). We deny Allegro's petition, grant Defendants' petition, dispense with further briefing, and remand to the Court of Appeals for consideration in accordance with this opinion.

Defendants argue the Court of Appeals erred in failing to address their claims that the trial judge erred in denying their motions for directed verdict and JNOV. We agree.

"The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR. An appellate court need not address remaining issues when disposition of a prior issue is dispositive. *Earthscapes Unlimited, Inc. v. Ulbrich,* 390 S.C. 609, 617, 703 S.E.2d 221, 225 (2010); *see also Futch v. McAllister Towing of Georgetown, Inc.* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).

The Court of Appeals' decision reversed and remanded this case for a new trial based on the trial judge's decision to admit a temporary injunction order into evidence. However, relying on *Futch, supra,* the Court of Appeals declined to address Defendants' claims that the trial judge erred in denying their motions for directed verdict and JNOV. Defendants argue the Court of Appeals' disposition of the new trial issue was not dispositive of their directed verdict and JNOV arguments, and therefore, the Court of Appeals should have addressed the arguments before remanding for a new trial.

We find the Court of Appeals should have addressed whether the trial judge erred in denying Defendants' directed verdict and JNOV motions. The Court of Appeals' decision to

reverse and remand for a new trial based on the admission of the temporary injunction order did not dispose of any parties or causes of action that could have been eliminated by a decision on the trial judge's denial of Defendants' motions. Therefore, *Futch, supra,* did not apply because the Court of Appeals' disposition of the new trial issues did not dispose of the directed verdict and JNOV issues.

Accordingly, this matter is hereby **REMANDED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.